UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |
|---|---|
| WILLIAM JOHN CRANDALL, <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF ORONO, et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:24-cv-00418-JAW |

## DEFENDANTS TOWN OF ORONO AND ORONO POLICE DEPARTMENT'S REPLY IN SUPPORT OF MOTION TO DISMISS

None of the additional, conclusory assertions contained in Plaintiff's Response (ECF No. 11) to Defendants' Motion to Dismiss (ECF No. 10) do anything to remedy the patent deficiencies in his Complaint. The fact remains that the Complaint fails to allege facts that "plausibly narrate" any constitutional violations by law enforcement officers, *Zell v. Ricci*, 957 F.3d 1, 7 (1st Cir. 2020) (quotation marks omitted), and Plaintiff's Response simply exacerbates the Complaint's obscurity: the Complaint was confusing enough on its own, but Plaintiff's Response makes it even more so. And more importantly, Plaintiff has utterly failed to support his claim against the only suable entity he has named (the Town), which can only be liable under § 1983 for claims arising from "official [governmental] policy of some nature." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). His Complaint should be dismissed.

In his Complaint, Plaintiff's claim appeared to be based on an incident in which law enforcement officers took him to an "emergency room psych department" rather than "seeking

medical attention for [his] diabetes." ECF No. 1-1 at 1. Now, in his Response, Plaintiff asserts that the officers failed to recognize that he was "obviously experiencing a diabetic crisis left untreated by the hospital." ECF No. 11 at 1. This assertion simply exacerbates the incoherence of his allegations: if a <u>hospital</u> failed to treat Plaintiff's alleged "diabetic crisis," then his medical condition cannot possibly have been so obvious that law enforcement officers should have identified it.[1]  *Id.*  Plaintiff otherwise makes no suggestion that the officers lacked probable cause to seek the alleged "psych hold."[2]  *Id.*  Even if his allegations in his Response are considered as part of his Complaint, the entirety of his filings fail to plausibly narrate a constitutional violation based on this incident.

And Plaintiff's new assertions of "unrepresented interrogation" are no less conclusory than the statements in his Complaint alleging "uninvestigated warrantless searches and dehumanizing strip searches." Without supporting factual allegations describing the surrounding circumstances – and Plaintiff has provided none – these assertions fail to state a claim to relief against any individual officers. *See Pelletier v. Bangor Police Dep't*, No. 1:22-cv-00342-JDL, 2023 WL 1274386, at *3 (D. Me. Jan. 31, 2023) (allegations that law enforcement officers "unlawfully seized . . . and arrested" the plaintiff or conducted an "unreasonable search" were insufficient to state a claim under § 1983).

---

[1] In his Response, Plaintiff complains of "an incident due to unprescribed medications at the hands of Penobscot Community Health and Counseling failure to prescribe psychiatric mediations." ECF 11 at 1. Penobscot Community Health and Counseling is not named as a defendant in this case. Plaintiff previously brought other lawsuits against that entity, which were dismissed sua sponte by the Court for failure to state a plausible claim. *See Crandall v. Kennebec Behavioral Health*, No. 1:24-cv-00194-JAW, 2024 WL 2924214 (D. Me. June 10, 2024) (recommending Court dismiss Crandall's Complaint and warn Crandall about consequences for further groundless filings), *R&R adopted*, 2024 WL 3466452 (D. Me. July 19, 2024) (finding that "both of Mr. Crandall's previous lawsuits have been frivolous," and "enter[ing] a cautionary order warning Mr. Crandall that filing restrictions may be in the offing if he continues engaging in groundless litigation").

[2] Under Maine law, "[i]f a law enforcement officer has probable cause to believe that a person may be mentally ill and that due to that condition the person poses a likelihood of serious harm, . . . [the officer] [m]ay take the person into protective custody" and "shall deliver the person immediately for examination by a medical practitioner . . . ." 34-B M.R.S. § 3862(1).

Moreover, Plaintiff has not even attempted to argue any *Monell* predicate, as necessary to state a claim against the only suable entity he has sued (the Town). Plaintiff's repeated accusations of "bias" by the Town and its Police Department, like his latecoming citation to Title II of the Americans with Disabilities Act,[3] are nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For the foregoing reasons, as well as those stated in Defendant's Motion, Plaintiff's Complaint should be dismissed.

Dated at Portland, Maine this 5th day of March, 2025.

*/s/ Kasia S. Park*
Kasia S. Park
Oliver (Mac) Walton
*Attorneys for Defendants*
*Town of Orono and Orono*
*Police Department*

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME
(207) 772-1941
kpark@dwmlaw.com
owalton@dwmlaw.com

---

[3] In his Response, Plaintiff alleges "discrimination and bias based on the mentally disabled status" in violation of the ADA. ECF No. 11 at 1. However, nothing in his Complaint or Response provide any concrete factual assertions that might make out such a claim. *See, e.g.*, *McQueen v. Singh*, No. 2:22-cv-00276-LEW, 2022 WL 17175384, at *2 (D. Me. Nov. 23, 2022) (dismissing Title II claim because plaintiff "ha[d] not alleged facts from which one can reasonably discern the manner in which [p]laintiff's disability informed [d]efendant's decisions . . ."), *R&R adopted*, 2023 WL 156864 (D. Me. Jan. 10, 2023).

## **CERTIFICATE OF SERVICE**

I, Kasia S. Park, do hereby certify that on this 5th day of March, 2025, I electronically filed the foregoing document with the Court's CM-ECF system, which automatically sends notification to all counsel of record.

A copy of the foregoing has also been sent to Plaintiff via U.S. Mail at:

> William John Crandall
> 3 Marsh Lane, Apt 1
> Orono, Maine 04473

Dated at Portland, Maine this 5th day of March, 2025.

> */s/ Kasia S. Park*
> Kasia S. Park
> Oliver (Mac) Walton
> *Attorney for Defendants*
> *Town of Orono and Orono*
> *Police Department*

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME
(207) 772-1941
kpark@dwmlaw.com
owalton@dwmlaw.com