UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **WILLIAM JOHN CRANDALL,** )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>**ORONO POLICE DEPARTMENT et al.,** )<br>)<br>**Defendants** ) | No. 1:24-cv-00418-JAW |

### RECOMMENDED DECISION ON MOTION TO DISMISS

In his pro se complaint, William John Crandall alleges that Orono police officers violated his rights by entering his home without a warrant, subjecting him to invasive searches, and committing him to a hospital for emergency psychiatric care. *See* Complaint (ECF No. 1); ECF No. 1-1. Crandall offers little by way of additional detail, briefly stating that he was "denied medical attention" for his diabetes while at the hospital and that he "went without food" on Thanksgiving "because the stores were closed." ECF No. 1-1 at 1. He brings claims under federal and state law against the Orono Police Department and the Town of Orono (the "Town"). *See* Complaint at 2-4.

The Defendants now move to dismiss Crandall's complaint for failing to state a claim. *See* Motion (ECF No. 10). They correctly point out that the Orono Police Department is not amenable to suit because it is not a distinct legal entity from the Town. *See id.* at 3 n.1; *Woods v. Auburn Police Dep't*, No. 2:21-cv-00364-GZS, 2022 WL 3912548, at *2 (D. Me. Aug. 31, 2022) (rec. dec.) (noting that a municipality's police department "is not a suable entity" because it "does not have a legal identity

1

separate from the" municipality (cleaned up)), *aff'd*, 2022 WL 4759266 (D. Me. Oct. 3, 2022). The Defendants further argue that Crandall has failed to state a valid claim against the Town because his complaint lacks sufficient detail and does not allege that any constitutional violation was the result of a Town policy or custom. *See* Motion at 3-4; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that a municipality cannot be held liable under 42 U.S.C. § 1983 for the unconstitutional acts of its employees unless those acts resulted from a municipal policy or custom).

In his opposition, Crandall does not respond to the arguments raised by the Defendants. *See* Opposition (ECF No. 11). Instead, he argues that his case should not be dismissed because he has been subject to "ongoing police harassment and intimidation" and improperly attempts to allege new facts and assert a new cause of action under the Americans with Disabilities Act. *See id.* at 1; *Davis v. Theriault*, No. 1:22-cv-00275-JDL, 2023 WL 5628193, at *32 (D. Me. Aug. 31, 2023) ("Parties cannot cure deficiencies in pleadings by asserting new facts and allegations in response to a motion to dismiss.").

Even with a liberal reading of Crandall's complaint, I agree with the Defendants that it fails to offer sufficient cogent detail to state a plausible claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face"); *Crandall v. Kennebec Behav. Health*, No. 1:23-cv-00381-JAW, 2023 WL 6619383, at *1 (D. Me. Oct. 11, 2023) (rec. dec.)

("An unpresented plaintiff's complaint must be read liberally . . . , but must still contain the crucial detail of who, what, when, where, and how in order to provide fair notice of what the claims are and the grounds upon which they rest" (cleaned up)), *aff'd*, 2023 WL 7615448 (D. Me. Nov. 14, 2023).

Moreover, Crandall's complaint is silent as to any municipal policy or custom that caused his alleged constitutional injuries, so he has failed to state a claim against the Town under section 1983. *See* Complaint; ECF No. 1-1. Furthermore, Crandall is not entitled to enforce the criminal laws he cites; there are no private causes of action under the federal Violent Crime Control and Law Enforcement Act of 1994 or Maine's involuntary commitment statutes; and Maine's wrongful imprisonment statute only authorizes claims against the State of Maine. *See* ECF No. 1-1; *Crandall*, 2023 WL 6619383, at *2 ("Simply stated, Plaintiff does not have standing to prosecute criminal charges against others . . . ." (cleaned up)); *Peralta v. City of New York*, No. 23-CV-10785 (JMF), 2024 WL 1704774, at *7 (S.D.N.Y. Apr. 18, 2024) (noting that there is no private cause of action under the Violent Crime Control and Law Enforcement Act of 1994); *Grendell v. Maine*, No. 1:19-cv-00419-JDL, 2020 WL 3895765, at *6 (D. Me. July 10, 2020) (noting that there is no private cause of action under Maine's involuntary commitment statutes); 14 M.R.S.A. § 8241 (Westlaw Mar. 13, 2025) ("Notwithstanding any immunity of the State from suit, . . . *the State* is liable for the wrongful imprisonment of a person." (emphasis added)).

For all these reasons, I recommend that the Court **GRANT** the Defendants' motion and **DISMISS** Crandall's complaint.

Crandall has previously been warned that filing restrictions may be in the offing if he continued to file groundless litigation. *See Crandall v. Kennebec Behavioral Health*, No. 1:24-cv-00194-JAW, 2024 WL 3466452, at *2 (D. Me. July 19, 2024) ("[T]he Court enters a cautionary order warning Mr. Crandall that filing restrictions may be in the offing if he continues to engage in groundless litigation."). Nevertheless, that warning was specifically as to repetitive claims that Crandall brought against different defendants. *See id.* ("[T]he Court hereby warns Mr. Crandall that if he files another frivolous case in this Court against the Social Security Administration, Kennebec Behavioral Health, or Penobscot Community Health and Counseling, the Court may impose filing restrictions against him filing future claims against those parties."). Accordingly, I recommend that the Court **WARN** Crandall that broader filing restrictions may be imposed if he continues to file groundless cases such as this one. *See Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 35-36 (1st Cir. 1993).

### NOTICE

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: March 14, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge

4