UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WILLIAM JOHN CRANDALL, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:24-cv-00418-JAW |
| ORONO POLICE DEPARTMENT, et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON RECOMMENDED DECISION OF DISMISSAL**

After de novo review, the court affirms a federal magistrate judge's recommendation that it grant the defendants' motion to dismiss a complaint for failure to state a claim on which relief can be granted.

**I.   BACKGROUND**

On December 5, 2024, William John Crandall, appearing pro se, filed a civil complaint against the Orono, Maine Police Department and the town of Orono (the Town) (collectively, the Defendants), alleging the Defendants violated 34 U.S.C. § 12601 (formerly 42 U.S.C. § 14141), 18 U.S.C. § 241, 18 U.S.C. § 242, 42 U.S.C. § 1983, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and various Maine laws when they entered his home without a warrant and then transferred him to an emergency room psychiatric department where he was purportedly denied medical attention. *Compl. for a Civ. Case* at 4, 7 (ECF No. 1) (*Compl.*).[1] Mr. Crandall seeks $160 million dollars in damages. *Id.* at 6.

---

[1]   On the same day as Mr. Crandall filed his complaint in this case, he filed a separate action against Northern Light Eastern Maine Medical Center (EMCC), the hospital where he alleges the

On February 18, 2025, the Defendants jointly filed a motion to dismiss Mr. Crandall's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing the Plaintiff's complaint fails to state a claim on which relief can be granted. *Defs. Town of Orono and Orono Police Dep't's Mot. to Dismiss the Compl.* (ECF No. 10) (*Defs.' Mot. to Dismiss*). Mr. Crandall responded in opposition to the motion to dismiss on February 26, 2025, in which he raised a new claim under Title II of the Americans with Disabilities Act (ADA). *Resp. to Mot.* (ECF No. 11) (*Pl.'s Opp'n*). The Defendants replied on March 5, 2025. *Defs. Town of Orono and Orono Police Dep't's Reply in Support of Mot. to Dismiss* (ECF No. 12) (*Defs.' Reply*).

On March 14, 2025, a United States Magistrate Judge recommended the Court grant the Defendants' motion to dismiss. *Recommended Decision on Mot. to Dismiss* (ECF No. 13) (*Rec. Dec.*). Because a Magistrate Judge reviewed the Defendants' motion pursuant to 28 U.S.C. § 636(b)(1)(B), Mr. Crandall had a statutory right to de novo review by the district judge upon filing an objection within fourteen days of being served, *see* 28 U.S.C. § 636(b)(1)(C); however, Mr. Crandall did not file an objection.

## II.   LEGAL STANDARD

On an objection to a Magistrate Judge's recommended decision, 28 U.S.C. § 636(b)(1)(C) instructs the federal district courts to "make a de novo determination of those portions of the . . . recommendations to which objection is made." 28 U.S.C. §

---

Defendants in this case unlawfully transferred him, raising similar claims of improper medical care. *See Crandall v. N. Light E. Me. Med. Ctr.*, No. 1:24-cv-00419-JAW. In that case, EMCC filed a motion to dismiss, which a United States Magistrate Judge recommend this Court grant. No. 1:24-cv-00419-JAW, *Defs.' Mot. to Dismiss of Def. N. Light E. Me. Med. Ctr. for Lack of Fed. Jurisdiction* at 1-4 (ECF No. 10); No. 1:24-cv-00419-JAW, *Recommended Decision on Mot. to Dismiss* (ECF No. 13). The Court will issue a separate order on the Recommended Decision in Docket No. 1:24-cv-00419-JAW.

636(b)(1)(B-C); *accord United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017) (holding a federal district court is "only obliged to perform de novo review of disputed portions of the report and recommendation").

Here, Mr. Crandall did not object to the Recommended Decision and thus there are no "disputed portions of the report and recommendation" entitled to de novo review. *J.C.D.*, 861 F.3d at 6. Under this standard, the Court reviews factual findings for clear error, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

### III. DISCUSSION

As an initial matter, the Recommended Decision correctly concludes that, insofar as Mr. Crandall seeks relief against the Orono Police Department, this Defendant "is not amenable to suit because it is not a distinct legal entity from the Town." *Rec. Dec.* at 1 (citing *Defs.' Mot. to Dismiss* at 3 n.1; *Woods v. Auburn Police Dep't*, No. 2:21-cv-00364-GZS, 2022 U.S. Dist. LEXIS 156782, at *4 (D. Me. Aug. 31, 2022) ("As a department of the City of Auburn, the police department does not have a legal identity separate from the city") (citation amended)).

The three remaining questions are whether Mr. Crandall has a plausible claim against the Town pursuant to (1) 42 U.S.C. § 1983, (2) the remaining federal or state statutes he cites in his complaint, or (3) Title II of the ADA. As the Court's exercise of its supplemental jurisdiction over Mr. Crandall's state-law claims depends on whether he has established the Court has federal question jurisdiction, the Court

addresses the viability of the Plaintiff's state law claims only after considering the federal claims raised in his complaint and his opposition to the motion to dismiss.

    **A.**    **42 U.S.C. § 1983**

The Court agrees with the Magistrate Judge's determination that Mr. Crandall's claims of federal constitutional and statutory violations against the Town of Orono, pursuant to § 1983, are unavailing. *See id.* at 2. 42 U.S.C. § 1983 provides a civil cause of action for "[e]very person who, under color of state law, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . .." 42 U.S.C. § 1983.

Municipal governments are "persons" within the meaning of § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *see also Fincher v. Town of Brookline*, 26 F.4th 479, 485 (1st Cir. 2022). Therefore, municipalities and local governments "could be liable in certain cases when its agents and employees commit[] constitutional violations." *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 25 (1st Cir. 2005). However, the First Circuit has clarified that municipalities and local governments cannot be held liable only under a theory of respondeat superior. *Id.* (citing *Monell*, 436 U.S. at 691-95). "Instead, it is only when the governmental employees' 'execution of a government's policy or custom . . . inflicts the injury' and is the 'moving force' behind the constitutional violation that a municipality can be liable." *Id.* (citing *Monell*, 436 U.S. at 694). In other words, assessing liability against the Town "requires two basic elements: first, that the Plaintiff['s] harm was caused

by a constitutional violation, and second, that the [municipal entity] be responsible for that violation . . ..." *Id.* at 25-26 (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992)).

Even if the Court were to conclude that Mr. Crandall had plausibly established the Town violated his constitutional rights under the Fourth, Eighth, or Fourteenth Amendment, or under 34 U.S.C. § 12601, 18 U.S.C. § 241, or 18 U.S.C. § 242, the Town is only potentially liable "under section 1983 if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation.'" *Haley v. City of Boston*, 657 F.3d 39, 51 (1st Cir. 2011) (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011)).

Here, consistent with this well-established precedent, the Court agrees with the Magistrate Judge that Mr. Crandall does not state a plausible claim under § 1983 "because his complaint lacks sufficient detail and does not allege that any constitutional violation was the result of a Town policy or custom." *Rec. Dec.* at 3 (citing *Defs.' Mot. to Dismiss* at 3-4; *Monell*, 436 U.S. at 694); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to survive motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"); *Germanowski v. Harris*, 854 F.3d 68, 71-72 (1st Cir. 2017) (explaining that "plausible" means "'something more than merely possible' or 'merely consistent with a defendant's liability'").

Furthermore, by the Court's reckoning, Mr. Crandall describes a single incident of alleged misconduct, which cannot, without more, demonstrate the

5

existence of a municipal policy. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*"). Neither Mr. Crandall's assertion in his complaint that "[his] health was jeopardized by the Orono Maine Police which [he] found out has had a history of past ACLU violations because [he] went without food and a Thanksgiving dinner being diabetic because the stores were closed and [he] could not obtain food," *Compl.* at 7, nor his conclusory allegation in his reply of "ongoing police harassment and intimidation," *Pl.'s Opp'n* at 1, changes the result. The complaint contains no allegation that the Town's actions were either the consequence of an official policy caused by a formal decision of a municipal legislative body or a person with final policymaking authority, or the result of an official policy of inadequate training or supervision. *Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008) (citing *Monell*, 436 U.S. at 694); *Kelley v. LaForce*, 288 F.3d 1, 9 (1st Cir. 2002).

In sum, the Court affirms the Magistrate Judge's recommendation that the Court grant the motion to dismiss Mr. Crandall's claims of federal constitutional and statutory violations brought pursuant to § 1983 for failure to state a claim on which relief can be granted. FED. R. CIV. P. 12(b)(6).

### B. Federal Private Cause of Action

The Court also affirms the Magistrate Judge's determination that Mr. Crandall does not have a plausible pathway to relief on any of the remaining federal statutes he cites in his complaint. *Rec. Dec.* at 3. It is axiomatic that "[f]ederal courts are courts of limited jurisdiction," *Calvary Chapel of Bangor v. Mills*, 984 F.3d 21, 30

6

(1st Cir. 2020) (quoting *Rhode Island v. EPA*, 378 F.3d 19, 22 (1st Cir. 2004)), and "jurisdictional boundaries must be scrupulously observed." *Id.* Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," as pleaded on the face of the well-pleaded complaint. *Viqueira v. First Bank*, 140 F.3d 12, 17 (1st Cir. 1998) (quoting 28 U.S.C. § 1331). Here, Mr. Crandall's complaint alleges federal-law violations of 34 U.S.C. § 12601, 18 U.S.C. § 241, and 18 U.S.C. § 242, invoking the Court's federal question jurisdiction. *Compl.* at 3. As the Court addresses below, Mr. Crandall's related claims under state law, then, potentially fall within the supplemental jurisdiction of the Court. *See* 28 U.S.C. §1367.

However, as the Magistrate Judge correctly concludes, no federal claim Mr. Crandall pleads provides a private right of action, *see Rec. Dec.* at 3, and "federal jurisdiction cannot be based on a federal statute that does not provide a private cause of action." *Valentin-Munoz v. Island Fin. Corp.*, 364 F. Supp. 2d 131, 136 (D.P.R. 2005) (citing *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 817 (1986)). First, "[t]here is no private right of action under [34 U.S.C. § 12601]," formerly 42 U.S.C. § 14141.[2] *Peralta v. City of New York*, No. 23-CV-10785 (JMF), 2024 U.S. Dist. LEXIS 72040, at *16 (S.D.N.Y. Apr. 18, 2024); *id.* at *17 ("By its terms, [Section 14141] provides enforcement authority only to the [United States] Department of

---

2      *See Gulluni v. Levy*, 85 F.4th 76, 78 n.2 (1st Cir. 2023) (noting that 34 U.S.C. § 12601 was "[f]ormerly 42 U.S.C. § 14141").

Justice") (quoting *Inkel v. Bush*, No. 04-CV-69 (JBA), 2004 U.S. Dist. LEXIS 21138, at *9 (D. Conn. Oct. 19, 2004)).

Second, 18 U.S.C. § 241 and 18 U.S.C. § 242 are federal criminal statutes, and Mr. Crandall, as a private citizen, cannot initiate a criminal prosecution in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Because Mr. Crandall lacks standing to commence the federal criminal prosecution of others, including the Defendants here, the Court agrees with the Magistrate Judge that this Court has no subject matter jurisdiction to hear these claims. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973); *accord Crandall v. Kennebec Behav. Health*, No. 1:23-cv-00381-JAW, 2023 U.S. Dist. LEXIS 182384, at *3 (D. Me. Oct. 11, 2023) ("To the extent Crandall seeks to initiate prosecutions by citing federal criminal laws, he lacks standing to do so") (internal citations omitted).

Because none of Mr. Crandall's asserted federal claims provides a cognizable private cause of action, the Court concludes it does not have subject matter jurisdiction over the complaint's federal-law claims. *See Merrell Dow Pharms., Inc.*, 478 U.S. at 817. Further, Mr. Crandall does not (and could not) assert that the Court has diversity jurisdiction over this dispute. *See Compl.* at 2-3 (stating all parties reside or are headquartered in Orono, Maine).

### C. Title II of the ADA

Having concluded Mr. Crandall does not have a pathway to relief on any of the federal claims in his complaint, the Court turns to the Title II claim brought in Mr.

8

Crandall's response to the motion to dismiss which, as the Magistrate Judge correctly observed, he did not include in his complaint. *Rec. Dec.* at 2 (citing *Davis v. Theriault*, No. 1:22-cv-00275-JDL, 2023 U.S. Dist. LEXIS 153902, at *92 (D. Me. Aug. 31, 2023) (citation amended) ("Parties cannot cure deficiencies in pleadings by asserting new facts and allegations in response to a motion to dismiss")).

While the Magistrate Judge is correct that a response to a dispositive motion is not an invitation to raise a new claim, the Court will nevertheless exercise its discretion and consider the contents of Mr. Crandall's Title II claim in light of its obligation to liberally construe the filings of a pro se litigant, noting further that it does not change the result. *See Gakuba v. Frey*, Nos. 23-1084, 23-1095, 2024 U.S. App. LEXIS 18703, at *1 (1st Cir. Apr. 10, 2024) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

To succeed on a claim pursuant to Title II of the ADA, a plaintiff must establish: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Parker v. Universidad de P.R.*, 225 F.3d 1, 5 (1st Cir. 2000) (citing 42 U.S.C. § 12132); *accord Doe v. Rowe*, 156 F. Supp. 2d 35, 57-58 (D. Me. 2001) (applying *Parker*, 225 F.3d at 4-5).

Here, Mr. Crandall says briefly, "[t]he ongoing police harassment and intimidation violates my civil right under Title II of the Americans with Disabilities

Act prohibiting discrimination and bias based on the mentally disabled status." *Pl.'s Reply* at 1; *see also id.* at 2 ("I am requesting that this case not be dismissed due to the ongoing violations of the Title II Americans with Disabilities Act protecting against discrimination of the mentally disabled especially due to bias by the Orono, Maine Police Department . . ..").  Even reading Mr. Crandall's complaint liberally, the Court cannot conclude it plausibly pleads a Title II claim.

First, the ADA defines the term "disability" as (a) a physical or mental impairment that substantially limits one or more major life activities, (b) a record of such an impairment, or (c) being regarded as having such impairment. 42 U.S.C. § 12102(1).  Mr. Crandall's complaint tells the Court he is diabetic. *See Compl.* at 5, 7. Although he does not provide detail as to whether, and if so, how and to what extent, his diabetes affects his "major life activities," 42 U.S.C. § 12102(1)(a), his diabetes may nevertheless be a qualifying disability under the ADA. *See Carreras v. Sajo, Garcia & Partners*, 596 F.3d 25, 34 (1st Cir. 2010) ("The analysis of when and under what conditions diabetes is considered a disability for ADA purposes is a matter of degree"); *accord Ridley v. Nw. La. Tech. Coll.*, Civ. Act. No. 20-1517, 2021 U.S. Dist. LEXIS 102921, at *9 (W.D. La. June 1, 2021) ("[I]t is clear that diabetes—as a disorder reflective of a defective pancreas and endocrine system—is capable of qualifying as a disability under the ADA.  However, an individualized assessment

10

must still take place to determine the extent [an individual's] diabetes affects [his] everyday life").

However, Mr. Crandall's ADA claim fails because he does not allege, or provide facts permitting the Court to independently infer, that the Defendants discriminated against him, let alone that they discriminated against him by reason of his diabetes. *Parker*, 225 F.3d at 5. Mr. Crandall merely alleges that officers from the Orono Police Department entered his home without warrant and transferred him to Northern Light Eastern Maine Medical Center. *Compl.* at 5, 7. Even though Mr. Crandall claims that the Defendants' entry into his home was discriminatory, there is no basis for the Court to infer this allegedly discriminatory action was taken on account of his disability—to wit, diabetes. Indeed, the Plaintiff does not even claim the Defendants were aware he suffers from diabetes. To the contrary, he says the Defendants "falsely committed [him] to the emergency room psych department," suggesting they may have been concerned about the Plaintiff's mental rather than physical health. *Compl.* at 7.

In sum, the Court concludes Mr. Crandall's claim under Title II of the ADA, even if properly brought, warrants dismissal because it does not provide "factual allegations . . . sufficient to support 'the reasonable inference that the defendant is

liable for the misconduct alleged.'" *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting *Haley*, 657 F.3d at 46).

### D.     Supplemental Jurisdiction

One final issue warrants discussion. As noted, Mr. Crandall's complaint also pleads various violations of state law, specifically under Title 17-A of the Maine Revised Statutes, 34-B M.R.S. §§ 3862-3863, and 14 M.R.S. §§ 8241-8244, over which the Court may have supplemental jurisdiction pursuant to 28 U.S.C. §1367. The problem for Mr. Crandall is twofold. First, as the Magistrate Judge correctly observes, Title 17-A is a criminal code and, for the reasons already explained within this order, Mr. Crandall lacks standing to initiate criminal prosecutions. *See Rec. Dec.* at 3; *Crandall v. Kennebec Behav. Health*, 2023 U.S. Dist. LEXIS 182384, at *3. Likewise, 34-B M.R.S. §§ 3862-3863, which provides "[i]f a law enforcement officer has probable cause to believe that a person may be mentally ill and that due to that condition the person presents a threat of imminent and substantial physical harm to that person or to other persons, . . . the law enforcement officer . . . [m]*ay* take the person into protective custody," does not provide a private cause of action. *Grendell v. Me.*, No. 1:19-cv-00419-JDL, 2020 U.S. Dist. LEXIS 121691, at *14-16 (D. Me. July 10, 2020) (emphasis in original); *see also Rec. Dec.* at 3. Finally, 14 M.R.S. §§ 8241-8244, Maine's wrongful imprisonment statute, only authorizes claims against the State. *Rec. Dec.* at 3 (quoting 14 M.R.S. § 8241) ("Notwithstanding any immunity of the State from suit . . . the State is liable for the wrongful imprisonment of a person"). Here, Mr. Crandall brings his claims against a municipality, not a state entity.

12

Second, even if Mr. Crandall had a plausible pathway to relief under any of the state laws he cites, the Court would, pursuant to 28 U.S.C. §1367(c) and *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966), still decline to exercise supplemental jurisdiction over these claims. *See Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995). "As a general principle, the unfavorable disposition of a Plaintiff's federal claim at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." *Id.* (citing *Gibbs*, 383 U.S. at 725 ("If the federal claims are dismissed before trial, . . . the state claims should be dismissed as well"); *Martinez v. Colon*, 54 F.3d 980, 990 (1st Cir. 1995) (citation amended) (affirming the dismissal without prejudice of pendent claims when the district court determined "far in advance of trial that no legitimate federal question existed")).

## IV.   CONCLUSION

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. Having performed a de novo review pursuant to 28 U.S.C. § 363(b)(1)(B), the Court affirms the Recommended Decision and determines that no further proceedings are necessary. The Court AFFIRMS Recommended Decision on Motion to Dismiss (ECF No. 13), GRANTS Defendants Town of Orono and Orono Police Department's Motion to Dismiss the Complaint (ECF No. 10), and DISMISSES without prejudice Complaint for a Civil Case (ECF No. 1).

SO ORDERED.

                                                   /s/ John A. Woodcock, Jr.
                                                   JOHN A. WOODCOCK, JR.
                                                   UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2025